**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**

Debtor(s):  **Mark Ashley Sullivan**                    Case No: _____

# [___ Amended (if applicable)] CHAPTER 13 PLAN

**CHECK ONE:**

__X__  Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

____ The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1.    MONTHLY PLAN PAYMENTS.** Plan payments include Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of __60__ months. In the event the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may result in an increased distribution to the unsecured class of creditors:

A.   $ __900.00__         for months __1__ through __60__
B.   $ _____         for months ____ through ____

in order to pay the following creditors:

**2.    ADMINISTRATIVE ATTORNEY'S FEES.**
Base Fee $ __4,190.00__  Total Paid Prepetition $ __3,190.00__  Balance Due $ __1,000.00__
Estimated Additional Fees Subject to Court Approval $__50.00 /mo. post-confirmation monitoring fee__
Attorney's Fees Payable through Plan $ __333.33__  Monthly (subject to adjustment)

**3.    PRIORITY CLAIMS: (as defined in 11 U.S.C. §507).**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|
| -NONE- | | |

**4.    TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**5.    SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for the curing of prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

1

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| None | | | | | |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee, calculated at the lesser of 31% of Debtor's gross monthly income from all sources listed on Schedule I, minus homeowner association fees or the normal monthly contractual mortgage payment:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt. (at 31% or Contract Amt.) |
|---|---|---|---|
| -NONE- | | | |

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Pursuant to 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid as follows:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. Value | Pmt. | Interest @_____% |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**(D) Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest at the rate set forth below as follows:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Pmt. | Interest @_____% |
|---|---|---|---|---|---|
| xxxxxx5587 | USAA | 2012 Ford Fusion 83000 miles Vehicle: | 9,956.35 | 332.65 | 7.19% |

**(E) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits of Acct No. | Creditor | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|---|
| -NONE- | | | | |

**(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral |
|---|---|---|
| Loan 3 | Health First Inc Retirement Plan | 401(k): Retirement: Employer sponsored 401k and Roth IRA account. Institution: Milliman Benefits |
| Loan | Health First Inc. Retirement | 401(k): Retirement: Employer sponsored 401k and Roth IRA account. Institution: Milliman Benefits |

**(G) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.** A separate motion to avoid or to determine secured status and to strip must be filed.

| Last 4 Digits of Acct No. | Creditor | Collateral Description/address |
|---|---|---|
| -NONE- | | |

**(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in

the Lease/Executory Contract section below.)

**Last 4 Digits of Acct No.**          **Creditor**          **Property/Collateral to be Surrendered**

**-NONE-**

    **(I) Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

**-NONE-**

**6.**    **LEASES/EXECUTORY CONTRACTS.**
**Last 4 Digits of Acct No.**     **Creditor**     **Property**     **Assume/Reject-Surrender**     **Est. Arrears**

**-NONE-**

**7.**    **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $ **39,279.48** .

**8.**    **ADDITIONAL PROVISIONS:**

    (A) Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

    (B) Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

    (C) Property of the estate (check one)*

        (1) ___ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

        (2) **X** shall vest in the Debtor upon confirmation of the Plan.

    *If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

    (D) The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

    (E) A plan summary or spreadsheet may be attached that is intended to provide an estimate of anticipated distributions pursuant to this proposed Plan. The actual distributions may vary based upon claims filed, net disposable income, amendments made in open court and the Plan as confirmed. In the event the plan summary or spreadsheet conflicts with the body of this Plan, the body of the Plan controls prior to confirmation, after which time the order confirming plan shall control.

    (F) Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return,

including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of the filing of the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtor shall not spend any tax refunds without first having obtained the Trustee's consent or court approval.**

9. **NONCONFORMING PROVISIONS:**


 /s/ Mark Ashley Sullivan                                    Dated:  **June 23, 2016**
           Debtor

4